## The Destitute of Bennington County by their agents, R. S. VanSantvoord, C. H. Bryant and John W. Browne v. Henry W. Putnam Memorial Hospital

[ 225 A.2d 71 ]

October Term, 1966

Present: Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Black & Plante* with *Frank G. Mahady* on the brief, for plaintiff.

*Clifton G. Parker* for defendant.

**Per Curiam.** This case is here for the second time. See 125 Vt. 289, 215 A.2d 134. The case was reversed with an order that a new decree be drawn and entered in accordance with the views expressed in the opinion. The petitioners' appeal from this decree presents three questions:

I. Is there any basis for the court of chancery's decree that the petitioners do not have the power to enforce the provisions of the act of incorporation?

II. Is there any basis for the court of chancery's decree that the rules and regulations of the. Henry W. Putnam Memorial Hospital are "just and reasonable"?

III. Is there any basis for the court of chancery's decree that a person entitled to public assistance is not "destitute" under the terms of the trust?

Questions I and III encompass issues which were settled by the original opinion, and are, therefore, res judicata.

Question II relates to whether the rules and regulations of the hospital are "just and reasonable." The trial court made no findings in this connection and, as the previous opinion states, "(T)here is no basis for this Court to consider the reasonableness, or lack of it, in such rules and regulations."

Under the authority of 12 V.S.A. §4605, let a new decree issue providing as follows:

1. The decree appealed from is stricken.

2. The defendant Henry W. Putnam Memorial Hospital, its agents, attorneys, officers and servants, are hereby strictly restrained and enjoined from refusing or denying admittance into its hospital of any person residing in any town in the

county of Bennington, on the grounds of destitution, or to make any charge to such person; but this hospital shall not be barred from seeking reimbursement from patients who have available resources, or from compensation carriers, or from federal, state, county, town, city or other governmental agencies or from any source which may be able to pay, in full or in part, for such services as the patient has received.

3. The said defendant Hospital shall have the right and duty to make reasonable rules and regulations relative to the admission of the destitute of Bennington County.

4. Let the defendant recover its taxable costs.

**Holden, C.J.**, took no part in the consideration of this appeal.